701 So.2d 254 (1997)
STATE of Louisiana, Plaintiff-Appellant,
v.
Tom DEVILLE, Defendant-Appellee.
No. CR97-665.
Court of Appeal of Louisiana, Third Circuit.
October 15, 1997.
Michael Harson, Lafayette, Kathy L. Duhon, Asst. Dist. Atty., for State.
Barry Sallinger, Lafayette, for Tom Deville.
Before THIBODEAUX, COOKS and SULLIVAN, JJ.
THIBODEAUX, Judge.
On February 22, 1996, the defendant, Tom Deville, was charged by grand jury indictment with one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81, and one count of malfeasance in office, a violation of La.R.S. 14:134. On March 19, 1996, he entered a plea of not guilty.
*255 Indecent behavior with a juvenile is one of the enumerated crimes under La.R.S. 15:171(B) which must "commence within six months after arraignment" pursuant to La. R.S. 15:171(C). The defendant filed a motion to quash the indecent behavior with a juvenile charge because he was not brought to trial within six (6) months of his arraignment.
The trial court granted the defendant's motion to quash. The state appeals. We affirm.

I.

ISSUE
The sole question for review is whether a dismissal of an offense enumerated in La.R.S. 15:171(B) is proper when the trial of an accused for that offense is not begun within six months of arraignment.

II.

LAW AND DISCUSSION
Louisiana Revised Statute 15:171 provided the following:[1]
171. Expeditious disposition; criminal cases involving minors
A. Every criminal case prosecuted as provided for in Subsection B of this Section, which involves the abuse of a child, or unlawful sexual contact, or acts performed in the presence of, with, or upon a child under the age of seventeen shall be heard and disposed of as expeditiously as possible. The legislature hereby requests the supreme court to adopt emergency rules regarding the expeditious handling of matters enumerated in this Section.
B. The following crimes require expeditious disposition: homicide (R.S. 14:29), first degree murder (R.S. 14:30), second degree murder (R.S. 14:30.1), manslaughter (R.S. 14:31), negligent homicide (R.S. 14:32), vehicular homicide (R.S. 14:32.1), battery (R.S. 14:33), aggravated battery (R.S. 14:34), second degree battery (R.S. 14:34.1), simple battery (R.S. 14:35), assault (R.S. 14:36), aggravated assault (R.S. 14:37), simple assault (R.S. 14:38), rape (R.S. 14:41), aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), simple rape (R.S. 14:43), sexual battery (R.S. 14:43.1), aggravated sexual battery (R.S. 14:43.2), oral sexual battery (R.S. 14:43.3), aggravated oral sexual battery (R.S. 14:43.4), aggravated kidnapping (R.S. 14:44), second degree kidnapping (R.S. 14:44.1), simple kidnapping (R.S. 14:45), interference with custody of a child (R.S. 14:45.1), false imprisonment (R.S. 14:46), false imprisonment while armed with a dangerous weapon (R.S. 14:46.1), criminal neglect of family (R.S. 14:74), carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. 14:81), pornography involving juveniles (R.S. 14:81.1), molestation of a juvenile (R.S. 14:81.2), unlawful sales to minors (R.S. 14:91), and sale, exhibition, or distribution of material harmful to minors (R.S. 14:91.11).
C. In those offenses listed in Subsection B of this Section, continuations shall be granted by the court only after a hearing and determination of the necessity thereof, and in any event, the trial shall be commenced within ninety days after arraignment, unless for good cause the court shall direct the action to be continued, after a hearing and determination of the necessity of the continuance, and states the findings for a determination of good cause on the record. However, notwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment.
D. Notwithstanding any other provision of law to the contrary, nothing in this Section shall be deemed to provide a statutory right to a trial within ninety days.
This Act was located in Title 15 of the Revised Statutes which governs criminal procedure ancillaries and, in particular, time limitations. Based on the literal wording of the statute, the reasons supporting a continuance by the state or defendant were irrelevant. Louisiana Revised Statute 15:171 required the commencement of trial within six months *256 of arraignment. The key problem with La. R.S. 15:171 was that there was no remedy, sanction or penalty provided for the failure to honor the prescribed time limitation.
The state argues that the statute was enacted to protect young victims and witnesses. To allow the dismissal of a charge based on a failure to meet a specified time limit would inure to the benefit of the accused and would unfairly prejudice the interests of young victims. Arguably, this anomalous result is incongruous with the intent of the statute. However, nowhere in the statute is there any mention of victims' rights.
The legislative hearings in the Senate Judiciary Committee on May 11, 1993, regarding the enactment of La.R.S. 15:171 supports the state's position on the statute's intent. Senator Cox, the sponsor of Senate Bill 665 which led to the statute's enactment, testified that the reason for the expeditious handling of child sexual abuse cases was that "the children often have to relate the circumstances of the victimization several times and then the matter gets delayed, gets delayed and some of these crimes might involve sexual predators and so on." An unidentified Senator reasoned that "[children] have to tell their stories again and again and then repeated continuances and other delays in their trials just continue to make the child a victim instead of making the perpetrator come to justice."
The Senate hearing was clearly concerned with time delays. However, a cautionary note was sounded by Senator Adams. Worried that the strict time periods in the bill would jeopardize the bill, Senator Adams presciently observed that "[i]f the district attorney is not ready, the remedy is to dismiss the case which I know Senator Cox doesn't want to do. I'm just concerned about...."
Senator Adams' concern was the primary force in the repeal of La.R.S. 15:171. Testifying before the Senate Judiciary Committee on May 5, 1997, Senator Cox, in explaining Senate Bill 513 (which led to Act 713 repealing La.R.S. 15:171), commented that,
"I'd like to go just go ahead and repeal the requirement rather than some guilty person using this as a refuge against their own criminal acts and then we will work together and come up with something that puts a little teeth into the requirement that we move expeditiously."
Furthermore, Wayne Frey, a representative of the Louisiana District Attorney's Association, testified that:
"... This bill would repeal Title 15, Section 171 which requires that certain sex offenses be brought to trial within six months of the date of arraignment. The bill [La.R.S. 15:171] ... is well-intentioneds but, as a practical matter, it results in child molesters beingavoiding prosecution. The way the statute was originally written, there are no exceptions that take into account delaying tactics of defense attorneys and if defense attorneys were able to delay the trial for a period in excess of six months the way the law is written, the charges were dismissed by the court.... So, the legislation is needed to ensure that child molesters are expeditiously prosecuted and that they are not able to take advantage of this statute and use it to escape retribution for what they have done."
While the state's position on the purpose of the statute is attractive, it is nevertheless untenable. The exact fear anticipated during the Senate hearings on both the purpose and repeal of La.R.S. 15:171 is demonstrated by this case.
The method of statutory interpretation of criminal laws is solidly entrenched in our law. Criminal statutes are to be strictly construed. Any doubt or ambiguity is resolved in favor of the accused and against the state. State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992); State v. Badie, 626 So.2d 46 (La. App. 1 Cir.1993). The statute is clear; there is no doubt. Subsection C is straightforward: "...[N]otwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment." (emphasis added). This language is mandatory and leaves no room for deviation. See La. Code Crim.P. art. 5.
The state further contends that the title of the statute evinces a legislative intent *257 in favor of protecting child victims and against the utilization of the statute's time limits in favor of an accused. However,
The title of an act is not part of the statute, but may be considered to determine legislative intent. State v. Madere, 352 So.2d 666 (La.1977). However, reference to the title of an act is restricted to situations where the text contains some ambiguity or is otherwise an unclear expression of legislative intent. Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (1950). In construing a statute, courts should ascertain an give effect to the intention of the legislature as expressed in the statute. It is presumed that the legislature understands the effect and meaning of the words it uses in a statute. Clark v. Board of Commissioners of the Port of New Orleans, 422 So.2d 247 (La.App. 4th Cir. 1982).
In Re Hamilton, 446 So.2d 463, 465 (La. App. 4 Cir.1984).
We share the concerns of the trial judge who commented that:
"I want to believe that they [the legislature] did not mean what they said. I want to believe that this is a mistake in the legislative process. Unfortunately, I am required to give the words used their plain meaning, and I certainly hope the legislature corrects this error."
The legislature has done so. However, the repeal of La.R.S. 15:171 cannot vitiate the effects of inartful legislative drafting and legislative ineptitude which result in dismissal of an otherwise valid criminal offense.

III.

CONCLUSION
For the foregoing reasons, the judgment of the trial court which quashed the bill of indictment on the charge of indecent behavior with a juvenile, La.R.S. 14:81, is affirmed.
AFFIRMED.
NOTES
[1] That statute has now been repealed by Act 713 of the 1997 Regular Session, effective July 8, 1997.