704 So.2d 430 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
Bradford Paul STE. MARIE, Defendant-Appellant.
No. CR97-168.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1997.
Rehearing Denied April 2, 1998.
*431 Bernard E. Boudreaux, Jr., Dist. Atty., Lori Ann Landry, New Iberia, for State.
Charles Michael Hill, Melissa L. Theriot, Lafayette, for Bradford Ste. Marie.
Before THIBODEAUX, PETERS and SULLIVAN, JJ.
THIBODEAUX, Judge.
The defendant, Bradford Ste. Marie, was convicted of four counts of indecent behavior with juveniles in violation of La.R.S. 14:81 and was sentenced to five years at hard labor with all but two suspended. The sentences were to run consecutively to each other. Thereafter, he was placed on supervised probation for five years on each count.
Defendant's Motion to Quash for Failure to Timely Prosecute was denied. His motion was based on La.R.S. 15:171, which requires that trial of one of the thirty-four enumerated offenses proceed within six months of arraignment. Indecent behavior with a juvenile is one of the enumerated offenses. His trial began after the six-month period had elapsed.
For the following reasons, we reverse the judgment of the trial court which denied Ste. Marie's motion to quash. Consequently, we vacate and set aside his convictions and sentences on the four counts of indecent behavior with juveniles.

ASSIGNMENTS OF ERROR
The defendant has designated seventeen assignments of error, ranging from insufficiency of the evidence to various procedural illegalities. Because we find the defendant's motion to quash to be meritorious, a discussion of all other issues is rendered moot.

MOTION TO QUASH
The defendant claims the trial court erred by denying his motion to quash since the trial did not begin within six months after arraignment, as required by La.R.S. 15:171(C). Defendant was arraigned on July 25, 1995, and entered a plea of not guilty to all charges. At the arraignment, the trial was scheduled for November 6, 1995. On November 6, 1995, on the motion of the state, the trial was continued until November 30, 1995. The record does not reflect if there was a hearing on the motion to continue, as required by La.R.S. 15:171(C). On December 15, 1995, the state filed a rule to show cause in order to continue the trial. The court minutes reflect that this motion was granted on January 24, 1996, because of a joint motion of counsel to continue the trial. The transcript of the hearing reflects that the defendant objected to the continuance on the record. It is well settled that when there is a discrepancy between the minutes and the transcript, the transcript will prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Lozado, 594 So.2d 1063 (La.App. 3 Cir.1992). The trial was continued until March 11, 1996. The record does not reflect that this case was ever on the docket of cases set for trial on March 11, 1996.
On April 16, 1996, the state requested a trial date and the defendant's case was refixed for June 3, 1996. On April 24, 1996, the defendant filed a Motion to Quash for Failure to Timely Prosecute, which was scheduled to be heard on May 22, 1996. The trial judge to whom the hearing was assigned deferred ruling to the judge who was assigned to try the case. Denying the motion, the court found *432 the trial did not appear to be overly delayed and the defendant had not shown prejudice.
This assignment of error addresses the effect of La.R.S. 15:171.[1]
Louisiana Revised Statute 15:171 provided the following:
§ 171. Expeditious disposition; criminal cases involving minors
A. Every criminal case prosecuted as provided for in Subsection B of this Section, which involves the abuse of a child, or unlawful sexual contact, or acts performed in the presence of, with, or upon a child under the age of seventeen shall be heard and disposed of as expeditiously as possible. The legislature hereby requests the supreme court to adopt emergency rules regarding the expeditious handling of matters enumerated in this Section.
B. The following crimes require expeditious disposition: homicide (R.S. 14:29), first degree murder (R.S. 14:30), second degree murder (R.S. 14:30.1), manslaughter (R.S. 14:31), negligent homicide (R.S. 14:32), vehicular homicide (R.S. 14:32.1), battery (R.S. 14:33), aggravated battery (R.S. 14:34), second degree battery (R.S. 14:34.1), simple battery (R.S. 14:35), assault (R.S. 14:36), aggravated assault (R.S. 14:37), simple assault (R.S. 14:38), rape (R.S. 14:41), aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), simple rape (R.S. 14:43), sexual battery (R.S. 14:43.1), aggravated sexual battery (R.S. 14:43.2), oral sexual battery (R.S. 14:43.3), aggravated oral sexual battery (R.S. 14:43.4), aggravated kidnapping (R.S. 14:44), second degree kidnapping (R.S. 14:44.1), simple kidnapping (R.S. 14:45), interference with custody of a child (R.S. 14:45.1), false imprisonment (R.S. 14:46), false imprisonment while armed with a dangerous weapon (R.S. 14:46.1), criminal neglect of family (R.S. 14:74), carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. 14:81), pornography involving juveniles (R.S. 14:81.1), molestation of a juvenile (R.S. 14:81.2), unlawful sales to minors (R.S. 14:91), and sale, exhibition, or distribution of material harmful to minors (R.S. 14:91.11).
C. In those offenses listed in Subsection B of this Section, continuations shall be granted by the court only after a hearing and determination of the necessity thereof, and in any event, the trial shall be commenced within ninety days after arraignment, unless for good cause the court shall direct the action to be continued, after a hearing and determination of the necessity of the continuance, and states the findings for a determination of good cause on the record. However, notwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment.
D. Notwithstanding any other provision of law to the contrary, nothing in this Section shall be deemed to provide a statutory right to a trial within ninety days.
This circuit has recently considered the effect of the failure to commence trial within six months after arraignment pursuant to Subsection C of the repealed statute. In State v. Deville, 97-665, (La.App. 3 Cir. 10/15/97), 701 So.2d 254, we held that it is proper to dismiss an indictment or bill of information charging an offense enumerated in La.R.S. 15:171(B) when the trial of an accused for that offense does not begin within six months of arraignment. We see no reason to change our position, and we adopt the reasoning and conclusion of State v. Deville.

CONCLUSION
We, therefore, reverse the judgment of the trial court and grant the defendant's motion to quash the bill of information. Consequently, the defendant's convictions and sentences are vacated and set aside.
REVERSED; MOTION TO QUASH GRANTED; DEFENDANT'S CONVICTIONS AND SENTENCES ARE VACATED AND SET ASIDE.
PETERS, J., dissents and assigns written reasons.
*433 PETERS, Judge, dissenting.
I respectfully dissent in this matter. The majority proposes to vacate and set aside the defendant's convictions on four counts of indecent behavior with juveniles, relying on La.R.S. 15:171, the text of which is set forth in full in the majority opinion. That statute provides a method of expeditious disposition of certain criminal cases involving minors but, in my opinion, does not purport to be a time limitation on prosecution. Rather, I find that the goal of La.R.S. 15:171 was to protect the victim of child sexual abuse by "fast tracking" the litigation. To release the defendant in this case would defeat that goal by injuring the very class of individuals the statute was designed to protect.
The majority relies on State v. Deville, 97-665 (La.App. 3 Cir. 10/15/97), 701 So.2d 254, which is the only reported expression of judicial interpretation on the point before us and which reached the same result as is suggested by the majority herein. In disposing of the issue in Deville, this court relied primarily on testimony presented to the Senate Judiciary Committee in 1997, wherein it was recommended that La.R.S. 15:171 be repealed. That repeal recommendation occurred because of concern over whether courts would construe the statute in a light different from its intent. Based on our decision in Deville and upon the majority's decision in this matter, that concern was well-founded.
In Deville this court quoted testimony presented to the Senate Judiciary Committee in 1993 which clearly supports the state's argument that the original intent of La.R.S. 15:171 was to protect child sexual abuse victims. The majority concludes that, despite this obvious intent of the legislature, La.R.S. 15:171 is clear and unambiguous and leaves no room for deviation. I do not find that the statute is clear and unambiguous. While I agree that the language concerning commencement of trial within six months after arraignment is mandatory, the statute provides no penalty for failure to comply. It was not placed in Title XVII of the Louisiana Code of Criminal Procedure, which addresses time limitations for the benefit of a defendant. Rather, it was placed in a special time-limitation section of Title 15 of the Louisiana Revised Statutes which heretofore was left blank.
In my opinion, absence of a penalty makes the entire statute ambiguous as to its intent. Even if we choose not to consider the testimony presented at the legislative committees, we need only look at the title of the Act to determine intent. State v. Madere, 352 So.2d 666 (La.1977). The title provides that the purpose is expeditious disposition of criminal cases involving minors. Thus, I cannot join the majority in reversing the defendant's convictions.
NOTES
[1] That statute has been repealed by Act 713 of the 1997 Regular Session, effective July 8, 1997.