JjWRIT DENIED.
The applicant was convicted of four counts of aggravated rape involving his girlfriend and her daughter. In the present application for post conviction relief, the applicant claims ineffective assistance of counsel based on the pretrial failure to file a motion to quash, based on the former La. R.S. 15:171, now repealed. The former article provided for the expeditious handling of certain crimes involving juveniles, including aggravated rape. The Louisiana Third Circuit has interpreted the article to require that prosecutions after the six-month period for commencement of trial be quashed. See State v. Deville, 97-665 (La.App. 3d Cir.10/15/97), 701 So.2d 254, writ denied, 709 So.2d 773, (La.1998), reconsideration denied, 1998 WL 234770, 717 So.2d 1136 (La.1998), and State v. Ste. Marie, 97-168 (La.App. 3d Cir.12/17/97), 704 So.2d 430. We respectfully disagree with those decisions and agree with the dissent of Judge Peters in Ste. Marie, supra.
The legislative history adverted to by the Third Circuit shows that the statute was intended to require the expeditious handling of a large number of crimes, if those crimes involved children. The benefit was intended to be for the children, so that traumatic events involving them would be promptly adjudicated and the children could then try to resume their normal lives. Clearly, the statute was not intended to benefit those accused (and, in this case — those convicted) of serious crimes involving children.
*21 Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Piazza, 596 So.2d 817, 819 (La.1992); State v. Farris, 95 0570 (La.App. 1st Cir.11/16/95), 666 So.2d 337.
| ¡/The legislative branch is presumed to intend to achieve a consistent body of law. 1A N. Singer, Sutherland Statutory Construction Sec. 23.09 (Sands 4th ed.1986). When a legislature enacts a statute without mention of existing statutes on the same subject matter, the later act may, by necessary implication, effect the repeal of the preexisting law. However, there is a presumption against implied repeal, based on the theory that the legislature envisions the whole body of law when it enacts new legislation. Id. at Sec. 23.10.
Piazza, supra, at 819.
The third circuit’s reading of the statute would effect a repeal, for the enumerated crimes in cases involving children, of the general time limitations on commencement of trial (La.C.Cr.P. art. 578), the provisions for interruption of the time limitations (La. C.Cr.P. art. 579) and the provisions for suspension of time limitations (La.C.Cr.P. art. 580). The statute contains no sanction for failure to comply with it. Despite its mandatory language, we cannot find that the legislature intended in passing this statute to penalize its citizens, child victims, and the prosecution by quashing the prosecution of persons accused of committing the enumerated serious felonies against children.
Compare this now-repealed statute with La.C.Cr.P. art. 701, which protects the accused person’s right to a speedy trial. This article only provides for pre-trial release without a bail obligation, and that only after (1) the filing of a motion for speedy trial, (2) the ordering of a trial, (3) the failure to commence trial as ordered, and (4) a showing, pursuant to a contradictory hearing, that the delay was not justified for reasons beyond the control of the court or state. Even after finding that pre-trial release without a bail obligation is warranted, the article does not provide for the quashing of the prosecution. The accused person, while entitled to his pre-trial freedom, is still subject to prosecution, conviction and sentencing.
Even if the article were interpreted to be mandatory, we do not perceive such a harsh remedy, the quashing of the prosecution, which was supplied by either the trial court (Deville) or by the third circuit (SteMarie) to be justified, in the total absence of any remedy provided in the statute itself.
Accordingly, we find that, if counsel had asserted timely this claim pre-trial, and then raised it by application for supervisory review or on appeal, we would have found his claim to be meritless. Thus, counsel’s alleged failure to assert the claim would not have resulted in the quashing of the prosecution, and has not prejudiced the applicant. Post-conviction relief is not warranted. The writ is denied.