720 So.2d 825 (1998)
STATE of Louisiana, Appellee,
v.
Carroll LONGNON, Defendant-Appellant.
No. 98-551.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
Michael Harson, Lafayette, Calvin Eugene Woodruff, Jr., Abbeville, for State.
Lawrence Charles Billeaud, Lafayette, for Carroll Longnon.
En Banc.
The Defendant does not contest the veracity of the charges to which he pled guilty, including the anal rape of an eleven-year-old boy. However, he argues that La.R.S. 15:171 requires that the charges against him be dismissed for failure to bring the case to trial within six months.
On May 13, 1996, the Defendant, Carroll Longnon, was charged by bill of information with one count of aggravated oral sexual battery and one count of sexual battery, both on a juvenile under the age of twelve. On August 7, 1996, under a separate docket *826 number, the Defendant was charged with one count of aggravated rape of the same juvenile. After entering pleas of not guilty to all charges, the Defendant filed a motion to quash the charges because he had not been brought to trial within six months of arraignment as required by La.R.S. 15:171. The trial court denied the motion. The Defendant then entered guilty pleas[1] to sexual battery and forcible rape (reduced from aggravated rape), reserving his right, under Crosby to seek review of the trial court's denial of his motion to quash. Pursuant to the Defendant's plea to sexual battery, the State dismissed the charge of aggravated oral sexual battery. The Defendant was subsequently sentenced to ten years at hard labor without benefit of probation, parole or suspension of sentence on the sexual battery offense, and to thirty years at hard labor with two years to be served without benefits on the forcible rape offense. The sentences were ordered to run concurrently. The Defendant now appeals, alleging one assignment of error.
LA.R.S. 15:171
The Defendant does not dispute the fact that he overpowered his eleven-year-old step-son, then anally raped and forcibly performed oral sex on the child. The Defendant argues that La.R.S. 15:171[2] requires that the charge of aggravated rape be dismissed because the State failed to try him within six months of arraignment. That article provides:
171. Expeditious disposition; criminal cases involving minors
A. Every criminal case prosecuted as provided for in Subsection B of this Section, which involves the abuse of a child, or unlawful sexual contact, or acts performed in the presence of, with, or upon a child under the age of seventeen shall be heard and disposed of as expeditiously as possible. The legislature hereby requests the supreme court to adopt emergency rules regarding the expeditious handling of matters enumerated in this Section.
B. The following crimes require expeditious disposition: homicide (R.S. 14:29), first degree murder (R.S. 14:30), second degree murder (R.S. 14:30.1), manslaughter (R.S. 14:31), negligent homicide (R.S. 14:32), vehicular homicide (R.S. 14:32.1), battery (R.S. 14:33), aggravated battery (R.S. 14:34), second degree battery (R.S. 14:34.1), simple battery (R.S. 14:35), assault (R.S. 14:36), aggravated assault (R.S. 14:37), simple assault (R.S. 14:38), rape (R.S. 14:41), aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), simple rape (R.S. 14:43), sexual battery (R.S. 14:43.1), aggravated sexual battery (R.S. 14:43.2), oral sexual battery (R.S. 14:43.3), aggravated oral sexual battery (R.S. 14:43.4), aggravated kidnapping (R.S. 14:44), second degree kidnapping (R.S. 14:44.1), simple kidnapping (R.S. 14:45), interference with custody of a child (R.S. 14:45.1), false imprisonment (R.S. 14:46), false imprisonment while armed with a dangerous weapon (R.S. 14:46.1), criminal neglect of family (R.S. 14:74), carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. 14:81), pornography involving juveniles (R.S. 14:81.1), molestation of a juvenile (R.S. 14:81.2), unlawful sales to minors (R.S. 14:91), and sale, exhibition, or distribution of material harmful to minors (R.S. 14:91.11).
C. In those offenses listed in Subsection B of this Section, continuations shall be granted by the court only after a hearing and determination of the necessity thereof, and in any event, the trial shall be commenced within ninety days after arraignment, unless for good cause the court shall direct the action to be continued, after a hearing and determination of the necessity of the continuance, and states the findings for a determination of good cause on the *827 record. However, notwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment.
D. Notwithstanding any other provision of law to the contrary, nothing in this Section shall be deemed to provide a statutory right to a trial within ninety days.
Cases and writ applications brought before the court on similar motions have elicited conflicting responses from this court. In State v. Deville, 97-665 (La.App. 3 Cir. 10/15/97); 701 So.2d 254, writ denied, 97-2799 (La.2/20/98); 709 So.2d 773 and State v. Ste. Marie, 97-168 (La.App. 3 Cir. 12/17/ 97); 704 So.2d 430, the court found that "it is proper to dismiss an indictment or bill of information charging an offense enumerated in La.R.S. 15:171(B) when the trial of an accused for that offense does not begin within six months of arraignment." Id. at p. 4; 432. However, in a number of unpublished rulings on writ applications, this court has reached an opposite result, affirming the trial courts' denials of motions to quash based on La.R.S. 15:171. See State v. Bell, an unpublished writ bearing docket number 97-16544 (La.App. 3 Cir. 1/28/98), writ denied, 98-0522 (La.3/13/98); 713 So.2d 476; State v. Dent, an unpublished writ bearing docket number 97-1710 (La.App. 3 Cir. 1/28/98), writ denied, 98-0521 (La.3/11/98); 712 So.2d 858; State v. Broussard, an unpublished writ bearing docket number 97-664 (La.App. 3 Cir. 8/1/97) and State v. Waite, an unpublished writ bearing docket number 97-434 (La.App. 3 Cir. 7/16/97), writ denied, 97-1927 (La.7/23/97); 697 So.2d 591. The Louisiana Supreme Court has denied writ applications from both rulings granting and denying these motions.
After reviewing the prior rulings, the statute and transcripts of the legislative hearing held in connection with the enactment of the statute, we conclude that this court erred in its previous published interpretations of this statute. Rather, we find that Judge Peters correctly interpreted La.R.S. 15:171 in his dissent from the majority opinion in Ste. Marie, 97-168, p. 1; 704 So.2d 430, 433, finding that "the goal of La.R.S. 15:171 was to protect the victim of child sexual abuse by `fast tracking' the litigation. To release the defendant in this case would defeat that goal by injuring the very class of individuals the statute was designed to protect."
In Ste. Marie, the majority adopted the reasoning and conclusion of Deville, 97-665 (La.App. 3 Cir. 10/15/97); 701 So.2d 254. In Deville, the court found that: "The statute is clear; there is no doubt. Subsection C is straightforward: `... [N]otwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment.' (emphasis added). This language is mandatory and leaves no room for deviation. See La.Code Crim.P. art. 5."
We disagree. When read as a whole, the statute is ambiguous. As Judge Peters stated in his dissenting opinion in Ste. Marie, 97-168, p. 2; 704 So.2d 430, 433:
[T]he statute provides no penalty for failure to comply. It was not placed in Title XVII of the Louisiana Code of Criminal Procedure, which addresses time limitations for the benefit of a defendant. Rather, it was placed in a special time-limitation section of Title 15 of the Louisiana Revised Statutes which heretofore was left blank.
.... [The] absence of a penalty makes the entire statute ambiguous as to its intent.
Where, as here, the statute is ambiguous, the jurisprudence gives us guidelines for interpretation.
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Piazza, 596 So.2d 817, 819 (La.1992).
State v. Farris, 95-0570, p. 4 (La.App. 1 Cir. 11/16/95); 666 So.2d 337, 339.
Examination of the legislative hearings concerning enactment of La.R.S. 15:171, shows that the legislature intended it to benefit the juvenile victims of certain crimes, not the accused. As was stated at those hearings in the Senate Judiciary Committee on May 11,1993 (emphasis added):
SENATOR COX:
Mr. Acting Chairman, Members of the Committee, my bill is Senate Bill 665. This would provide that criminal cases involving *828 abuse of a child or unlawful sexual conduct involving children under the age of 16 should be heard and disposed of expeditiously. The reason for this is that the children often have to relate the circumstances of their victimization several times and then the matter gets delayed, gets delayed, gets delayed and some of these crimes might involve sexual predators and so on.

The provision was also discussed by the Criminal Justice Committee, as follows:
SENATOR_____: .... In criminal cases involving minorswe simply ask that the Supreme Court adoptwe just request that they do thisadopt emergency rules regarding the expeditious handling of matters involving sex crimes and abuse of children and the other portion of the law addresses itself to the fact that the trial of a sex crime or abuse of child shall be commenced within 60 days after arraignment unless of course, the court directs otherwise and states the reasons for this and then any case the trial would commence within 6 months after arraignment. The reason for this is that in so many cases where children have been battered or made victims of sex crimes, they have to tell their stories again and again and then repeated continuances and other delays in their trial just continue to make the child a victim instead of making the perpetrator come to justice. We originally had it 30 days after arraignment but at the request of the criminal defense lawyers we extended it to 60 days after arraignment which we think is a reasonable period of time for the trial to commence. Once again, I will be glad to answer any questions.
SENATOR ADAMS: I guess you probably answered my question. This might push back other cases but if you feel that
SENATOR COX: We feel thatof course, it will be up to the wisdom of the committee but there are so many repeated examples of repeated sex crimes against children and then as I get older I see more and more of this. The children are made to feel that they are guilty of something they are brought up to the edge of the trial and then the trial doesn't take place and is postponed and they undergo the trauma again and again and all we want is the attention of the courts and the attention of the rule making system to the fact that if at all possible, these matters be brought to trial within 60 days or at least within 6 months of the arraignment.
(Emphasis added.)
These discussions make it obvious that La. R.S. 15:171 was never intended to grant the defendant in a sexual assault case involving a child a right to be brought to trial within six months of his arraignment. The purpose was to protect the victims of abuse. To interpret it as the defendant argues would be to defeat this purpose and to put at risk those very children the statute was meant to protect.
Accordingly, we find no error in the trial court's denial of defendant's motion to quash.

ERRORS PATENT
La.Code Crim.P. art 920 provides for the review of all criminal appeals for errors patent on the face of the record as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
Our review of this record pursuant to La. Code Crim.P. art 920 has revealed two errors patent.
First, while the trial court informed the Defendant of the maximum sentence for sexual battery, it did not inform the Defendant that the sentence would be served without benefit of probation, parole or suspension of sentence. La.Code Crim.P. art. 556.1(A)(1), which became effective August 15, 1997, provides as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, *829 and determining that he understands, all of the following:
(1) The nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
Therefore, the trial court did not satisfy the requirements of article 556.1(A)(1). However, since this requirement is a statutory requirement rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of the three Boykin rights), and the Defendant does not allege any misunderstanding as to the sentence he received, this court finds that the error was harmless. As in State v. Newman, 97-797, p. 3 (La.App. 3 Cir. 1/28/98); 707 So.2d 122, 124, this court declines to extend the Boykin colloquy "to require the trial court to review the penalty section of the statute in question with a defendant in order to obtain a valid guilty plea."
Additionally, the trial court improperly informed the Defendant that he had three years from the date of sentencing to file an application for post-conviction relief. Under La.Code Crim.P. art. 930.8, the Defendant has three years after the judgment of conviction and sentence have become final to apply for post-conviction relief. Therefore, the trial court is directed to inform the Defendant of the correct provisions of article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. See State v. Eason, 624 So.2d 934 (La.App. 2 Cir.1993).

CONCLUSION
For these reasons, the defendants convictions are affirmed. However, the case is remanded so that the trial court may inform the Defendant of the correct provisions of article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
THIBODEAUX, J., and COOKS, J., dissent for the reasons expressed in State v. Deville, 97-665 (La. App. 3 Cir. 10/15/97); 701 So.2d 254, writ denied, 97-2799 (LA.2/20/98); 709 So.2d 773 and State v. Ste. Marie, 97-168 (La. App. 3 Cir. 12/17/97); 704 So.2d 430.
NOTES
[1] The minutes indicate the Defendant entered pleas of no contest to these charges. However, the transcript as well as the Defendant's brief indicate the Defendant entered pleas of guilty to these charges.

Thibodeaux, J. and Cooks, J. dissent for the reasons expressed in State v. Deville, 97-665 (La. App. 3 Cir. 10/15/97); 701 So.2d 254, writ denied, 97-2799 (La.2/20/98); 709 So.2d 773 and State v. Ste. Marie, 97-168 (La.App. 3 Cir. 12/17/97); 704 So.2d 430.
[2] This statute has been repealed by Act 713 of the 1997 Regular Session, effective July 8, 1997.