723 So.2d 407 (1998)
STATE of Louisiana
v.
Bradford Paul STE. MARIE.
No. 98-K-1167.
Supreme Court of Louisiana.
December 18, 1998.
*408 Richard P. Ieyoub, Attorney General, Bernard E. Boudreaux, Jr., New Iberia, Lori Ann Landry, Thomas C. Senette, Franklin, for Applicant.
Charles Michael Hill, Baton Rouge, Melissa Lutgring Theriot, Lafayette, for Respondent.
Ellis Paul Adams, Jr., for Amicus Curiae, Louisiana District Attorney Association.
PER CURIAM.[*]
We granted the state's application to settle the question of whether former La.R.S. 15:171, 1993 La. Acts 531, repealed in its entirety by 1997 La. Acts 713, established a six-month limit on trials which could inure to the benefit of a defendant facing prosecution of a sex offense involving a child. Relying on its prior decision in State v. Deville, 97-665 (La.App. 3rd Cir.10/15/97), 701 So.2d 254, writ denied, 97-2799 (La.2/20/98), 709 So.2d 773, the Third Circuit held in this case that the statute did create a speedy trial right enforceable by the defendant and that the district court had therefore erred in denying a pretrial motion to quash filed after the proceedings extended beyond six months from the date of defendant's arraignment. State v. Ste. Marie, 97-0168 (La.App. 3rd Cir.12/17/97), 704 So.2d 430 (Peters, J., dissenting). The court of appeal accordingly reversed the defendant's convictions on four counts of indecent behavior with juveniles in violation of La.R.S. 14:81. We now vacate that judgment and reinstate the verdicts rendered by the court after a bench trial.
Statutory interpretation begins "as [it] must, with the language of the statute." Bailey v. United States, 516 U.S. 137, 143, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). La.R.S. 15:171(A) called for the expeditious disposition of cases involving sex crimes committed against children under the age of 17. Subsection B of the statute enumerated the sex crimes, including indecent behavior with a juvenile, which required "expeditious disposition." Subsection C required trial within 90 days of the defendant's arraignment, unless extended for good cause shown, and further provided that "notwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment." Finally, subsection D expressly provided that "nothing in this Section shall be deemed to provide a statutory right to a trial within ninety days."
In Deville, the court of appeal acknowledged legislative history indicating that the purpose of La.R.S. 15:171(C) was not to effectuate the speedy trial rights of the accused *409 but to minimize additional trauma to the child victim once he or she became enmeshed in the criminal justice system. Legislators thereby sought to allay concerns that children "have to tell their stories again and again and then repeated continuances and other delays in their trials just continue to make the child a victim instead of making the perpetrator come to justice." Id., 97-0665, at 4, 701 So.2d at 256 (internal quotation marks deleted). Nevertheless, Deville concluded that whatever the legislature's intent, the language of subsection C appeared unambiguous and mandatory, and left "no room for deviation." Id., 97-0665, at 5, 701 So.2d at 256. The court of appeal therefore found that "the repeal of La.R.S. 15:171 cannot vitiate the effects of inartful legislative drafting and legislative ineptitude which result in dismissal of an otherwise valid criminal offense." Id., 97-0665, at 6, 701 So.2d at 257.
As a general rule, "[t]he plain meaning of legislation should be conclusive, except in the `rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' [in which case] the intention of the drafters, rather than the strict language controls." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 243, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)); see also State v. Bennett, 610 So.2d 120, 122 (La.1992) ("When the literal construction of a statute produces absurd or unreasonable results, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result.") (internal quotation marks and citation omitted). Our recent decisions in other contexts have made clear that in the absence of clearly expressed legislative intent, this Court will not fashion for particular statutory violations remedies which appear to conflict with the overall purpose of the legislation. See State v. Hamilton, 96-0107 (La.7/2/96), 676 So.2d 1081 (failure of the state to decide within 30 days of juvenile's arrest whether to file in district court or juvenile court as required by La.Ch.C. art. 305(B)(3) did not bar subsequent prosecution of juvenile as an adult in district court); State ex rel. Glover v. State, 93-2330, p. 21 (La.9/5/95), 660 So.2d 1189, 1201 (failure of the trial court to comply with La.C.Cr.P. art. 930.8(C) by advising the defendant at sentencing of the three-year time limit on applications for post-conviction relief after the finality of his conviction does not exempt the defendant from the time limit); see also State v. Peart, 621 So.2d 780, 786 (La.1993) (directive in La. Const. art. I, § 13 that the legislature provide for a uniform system for securing qualified counsel for indigent defendants in criminal cases "creates no personal right which individual defendants may exercise.").
In the same session which produced R.S. 15:171, the legislature also enacted La. C.Cr.P. art. 571.1, 1993 Acts 592, giving the state 10 years to institute prosecution of certain sex offenses, including indecent behavior with juveniles, when the offense involves a child under the age of 17. The period begins to run "when the victim attains the age of seventeen." The legislature thereby cast its net broadly to expand the opportunities for prosecution of sex crimes against children consistent with the general purpose of limitation statutes, which "`protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.'" State v. Rolen, 95-0347, p. 5 (La.9/15/95), 662 So.2d 446, 449 (quoting Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970)).
In the absence of a clear expression of legislative intent, we decline to find that even as the legislature vastly increased the reach of the state to initiate prosecution of sex offenses involving children, it provided the defendants with the means for exiting the criminal justice system quickly and placing themselves beyond the state's reach once they had been formally charged and arraigned. In the debate over the senate bill which became R.S. 15:171, some of the legislators worried about the potential use of the proposed statute as a time bar, and their concerns ultimately led to the repeal of the statute in 1997. Deville, 97-0665, at 4, 701 So.2d at 256. The voicing of those concerns *410 did not mean, however, that the legislature endorsed that use of the statute by negative implication arising from the express provision in La.R.S. 15:171(D) that the initial 90-day period did not establish such a trial right. We agree with Judge Peters, dissenting in this case, that turning R.S. 15:171 into a time limit enforceable by the defendant "would defeat [the legislature's] goal by injuring the very class of individual the statute was designed to protect." Ste. Marie, 97-0168, at 2, 704 So.2d at 433 (Peters, J., dissenting). We therefore view the language in the statute as supplicatory only, a directive to the trial court to expedite cases involving the sexual abuse of children to ease the emotional burden on immature victims, but not at the cost of freeing their accused assailants in only one quarter of the time allotted the state to try an identical offense committed against an adult. See La.C.Cr.P. art. 578(2) (requiring trial of a non-capital felony within two years of institution of prosecution). The legislature and electors have since settled on the manner in which they may confer rights on the victim without according corresponding benefits to the accused. See La. Const. art. I, § 25 (Rights of a Victim) ("Nothing in this Section shall be construed to inure to the benefit of an accused....")
Given the repeal of La.R.S. 15:171 in 1997, and the post-verdict context of the present case, we have no occasion to consider here whether any other and lesser sanction, for example, release of the defendant from custody pending trial, offered an appropriate sanction for violation of the statute. See La. C.Cr.P. art. 701(D)(2); State v. Johnson, 622 So.2d 845, 848 (La.App. 4th Cir.1993) (remedy for violation of statutory speedy trial right is pre-trial release); see also Hamilton, 96-0107, p. 7, 676 So.2d at 1084 ("The proper remedy for an untimely filing of a bill of information or indictment under La.Ch.C. art. 305(B)(3) should be release without bail rather than the quashing of charges against the defendant.").
Accordingly, the decision of the Third Circuit is reversed and this case is remanded to the court of appeal for consideration of the defendant's remaining assignments of error.
JUDGMENT REVERSED; CASE REMANDED.
NOTES
[*] Lemmon, J., not on panel. See La.S.Ct. Rule IV, Part II, § 3.