732 So.2d 578 (1999)
Kristine BROUSSARD, Individually, and as Administratrix of the Estate of Burnie Broussard, and as Natural Tutrix of the minor child, Samantha Broussard, PlaintiffsAppellants,
v.
F.A. RICHARD & ASSOCIATES, INC.; West-Cal Construction Company, Inc.; Brian Coody; Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P., DefendantsAppellees.
No. 98-1167.
Court of Appeal of Louisiana, Third Circuit.
March 17, 1999.
Writ Denied June 4, 1999.
*580 Scott James Pias, Lake Charles, for Plaintiff/Appellant Kristine E. Broussard, Indiv. et al.
L. Paul Foreman, Lake Charles, for Defendant/Appellee F.A. Richard & Assoc., Inc. et al.
Nancy Jane Marshall, New Orleans, for Defendant/Appellee Stockwell, Sievert et al.
Jeffrey M. Burmaster, New Orleans, and Elton A. Foster, New Orleans for Defendant/Appellee West-Cal Construction Co., Inc.
BEFORE: THIBODEAUX, COOKS, WOODARD, AMY, and SULLIVAN, Judges.
THIBODEAUX, Judge.
Kristine Broussard and Samantha Broussard, widow and minor child of Brunie Broussard[1], seek wrongful death damages against Brian Coody and his law firm, Stockwell, Sievert, Viccellio, Clements & Shaddock, for withholding a medical report obtained by their client, the employer of Brunie Broussard. The report favored a diskectomy, which the plaintiffs allege would have prevented Brunie Broussard's death by suicide, had the surgery been provided. The trial court dismissed the defendants after granting their exceptions of prescription and peremption under the legal malpractice statute of limitations, La.R.S. 9:5605. The plaintiffs appeal. We conclude that the trial court erred in applying the legal malpractice statute and its peremptive period to the tort claims of the plaintiffs, who did not sue for legal malpractice and who had no client relationship with the defendants. Accordingly, for the following reasons, we reverse the dismissal under La.R.S. 9:5605.

I.

ISSUE
Does La.R.S. 9:5605, the statute of limitations for legal malpractice actions, apply to tort actions brought by non-clients for damages arising from acts by an attorney while representing the non-client's opponent?

II.

FACTS
Brunie Broussard injured his back while working for West-Cal Construction in 1991. Based upon two recommendations for surgery by Mr. Broussard's physicians, West-Cal sent him to Dr. Jack Hurst for an independent medical examination. Dr. Hurst opined that Mr. Broussard was a *581 candidate for surgery but that he should lose a considerable amount of weight first, and if his back pain persisted, then he should have surgery. Dr. Hurst reported his findings to West-Cal in late January of 1993. The record contains an affidavit by West-Cal's attorney, Mr. Coody, that he discussed the report at a status conference and thought that he subsequently provided the medical report to Mr. Broussard's attorney in February 1993. Mr. Broussard's former attorney, during the workers' compensation proceedings, testified that Dr. Hurst's report was requested several times and its existence was specifically denied.
Mr. Broussard allegedly became drug and alcohol dependent due to his back pain, separated from his family, and moved to a shrimp boat, where he committed suicide in December 1993. Dr. Hurst's medical report regarding surgery allegedly reached the hands of Mr. Broussard's attorney posthumously on the morning of Broussard's workers' compensation trial in April 1995. Mrs. Broussard, on behalf of herself, the estate, and the minor child (hereinafter, "Mrs.Broussard") filed this wrongful death suit against the employer, West-Cal, the adjustor and adjusting company, and various insurers in March 1996, less than one year after discovery of the medical report.
Mrs. Broussard subsequently amended to add Dr. Hurst and in November of 1997, amended again to add Mr. Coody and his law firm, Stockwell Sievert, Viccellio, Clements & Shaddock, L.L.P. (hereinafter, "Stockwell, Sievert"), as defendants in the wrongful death suit. West-Cal filed for bankruptcy and obtained a stay of litigation. Dr. Hurst was dismissed without prejudice pursuant to his exception of prematurity, as the required medical review panel had not been invoked by the plaintiffs prior to filing suit.
Mr. Coody and the Stockwell, Sievert law firm filed exceptions of no cause of action and peremption and/or prescription, asserting that the alleged act of withholding the report occurred in February 1993, and that the plaintiffs' claim had expired in February 1996 under the three-year peremptive period of La.R.S. 9:5605. The trial court agreed and ordered dismissal of Mr. Coody and Stockwell, Sievert, ruling only on the exception of prescription and/or peremption and holding moot their remaining arguments of no cause of action. For the following reasons, we reverse the dismissal based upon the three-year prescription and peremption period of La.R.S. 9:5605.

III.

LAW AND DISCUSSION

Standard of Review
When an appellate court finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).

Actions For Legal Malpractice, La.R.S. 9:5605
At issue in this case is the applicability of La.R.S. 9:5605 which provides in pertinent part as follows:
§ 5605. Actions for legal malpractice
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation ... or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date ... discovered; however, even as to actions *582 filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission or neglect occurred.... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state... the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
The referenced Civil Code Articles 3458 and 3461 in subsection B provide as follows:
Art. 3458. Peremption; effect
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.
Comment (b) under this article provides that liberative prescription merely prevents the enforcement of a right by action while peremption destroys the right itself.
Art. 3461. Renunciation, interruption, or suspension ineffective
Peremption may not be renounced, interrupted, or suspended.
Comment (c) under this article explains that peremption, unlike prescription, may not be interrupted or suspended.
The defendants, Brian Coody and Stock-well, Sievert, contend that the above statute and its three-year peremptive period apply to bar the wrongful death claims of Mrs. Broussard against the defendants, who represented her husband's employer, for concealing a medical report in February 1993. Mrs. Broussard first filed suit against Mr. Broussard's employer in March of 1996 and amended to include the defendants in November of 1997. Hence, according to the defendants, more than three years elapsed between the alleged act of concealment and the bringing of an action against the defendants.
Mrs. Broussard argues that La.R.S. 9:5605 applies only to suits for legal malpractice brought by clients against their own attorneys and does not apply to her wrongful death tort claims against the firm who represented her husband's employer. Therefore, she urges that the three-year limitation on legal malpractice claims does not apply to bar her suit against the defendants. She argues that the only limitation applicable to her claims is the one-year-from-date-of-discovery limitation. Mrs. Broussard argues that since she discovered the report in April of 1995 and filed her original suit in March of 1996, less than one year after discovery and that her claims were timely brought. However, the trial court did not agree with Mrs. Broussard, and it applied La.R.S. 9:5605 to bar her claims. Accordingly, Mrs. Broussard contends that the trial court erred in interpreting the statute to limit all actions arising from legal services provided by an attorney, including her tort claims.
Louisiana Revised Statutes 9:5605 is a prescription statute in Title 9 of the Civil Code Ancillaries, and its heading reads "Actions for legal malpractice." Accordingly, the statute sets forth the periods of limitation during which a client may file a legal malpractice action against his *583 attorney. A client must sue his attorney for acts, omissions or neglects within one year from the act or omission, or within one year from the client's discovery of the act or omission, as long as the discovery and filing of suit occur within three years of the act or omission. The statute in subsection A states that the action for damages must arise "out of an engagement to provide legal services." The cases decided under La.R.S. 9:5605 have pertained to suits for legal malpractice, whether they were filed under negligence or breach of contract theories. We find Davis v. Parker, 94-40514 (5th Cir.7/17/95), 58 F.3d 183, which appears to be the most pertinent case addressing the issue, applicable to this case. Davis specifically held that Louisiana's one-year prescriptive period for legal malpractice actions is limited to actions for damages "predicated on traditional legal malpractice, but not more." Id. at 188. Thus, the prescriptive period does not apply to every action against every attorney under any theory whatsoever.
Mrs. Broussard is not a client of the defendant and her action is not for legal malpractice. She alleges damages arising from an alleged tort of concealment, whether by negligence or fraud, allegedly committed against Broussard by the defendant while representing the opposition. To apply La.R.S. 9:5605 to Mrs. Broussard's action is tantamount to applying it to an action for physical assault upon the plaintiff by the defendant in open court while the defendant was engaged in providing legal services to the opposition. The statute was not designed to protect every action of every attorney simply because the attorney was practicing law at the time the act or omission was committed. Such application would be unjust and would lead to unreasonable results.
Moreover, as stated, the heading of La.R.S. 9:5605 identifies the subject matter or type of actions to which the prescriptive periods apply quite clearly as "Actions for legal malpractice." The defendants argue that the language in subsection C, stating that "all actions" against attorneys are governed by the statute, encompasses all actions brought by any person. We disagree. The defendants attempt to make the language of the statute unclear. However, if the heading is clear, the heading may suggest an interpretation when the statutory language is unclear. Sibley v. Board of Sup'rs of Louisiana State University, 477 So.2d 1094 (La. 1985). The heading in this case clearly defines the specific actions to which the statute's prescriptive and peremptive periods apply; i.e., "Actions for legal malpractice." Subsection C's reference to "all actions" cannot be taken out of context merely to support the defendant's position.
"Words and phrases shall be read with their context and shall be construed according to common and approved usage of the language." La.R.S. 1:3; Inter Urban Bar Assoc. of New Orleans, Inc. v. City of New Orleans, 93-1006 (La.App. 4 Cir. 3/16/95), 652 So.2d 1038. The law requires a fair and genuine construction of legislative acts, a reasonable construction in light of the act's purpose. La.R.S. 1:3; Louisiana Health Service & Indemnity Co. v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090. When the wording of a statute is susceptible to different meanings, it is necessary to ascertain legislative intent, and the title or preamble of the act may be used for that purpose. Matter of American Waste and Pollution Control Company, 93-3163 (La.9/15/94), 642 So.2d 1258.
When a literal construction of the statute produces unreasonable results, the letter must give way to the spirit of the law and an act must be construed to produce a reasonable result. To ascertain the true meaning of a word, phrase or section of a statute, that act as a whole must be considered. La.Civ.Code art. 10. Green v. Louisiana Underwriters Insurance Company, 571 So.2d 610 (La.1990). Our courts hold that unjust results should be *584 avoided and if possible that statutes should be construed to apply to all persons similarly situated. Guste ex rel. Courville v. Burris, 427 So.2d 1178 (La.1983); Haspel & Davis Mill. & Planting Co., Ltd. v. Board of Levee Com'rs of Orleans Levee Dist., 95-0233 (La.App. 4 Cir. 9/4/96), 680 So.2d 159, writ denied, 96-2430 (La.12/6/96), 684 So.2d 932. Mrs. Broussard is not similarly situated with the clients who bring malpractice actions against their attorneys for acts and omission arising from their representation of those clients.
Moreover, subsection C's reference to "all actions" is clarified in subsection A as those "based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services...." In reading the two subsections together, it is clear that the phrase "all actions" refers to actions for legal malpractice whether they are tort based actions, contract based actions, or other-based actions. Statutes in pari materia or upon the same subject matter, must be construed with reference to one another. La.Civ.Code art. 13; See Sibley, 477 So.2d 1094, holding that La. R.S. 40:1299.39(A)-(H), providing for medical malpractice by state providers, must be construed as a whole because its several sections are interdependent. It is clear that the legislature was attempting to place in this statute a three-year outside limitation on legal malpractice actions even though traditional breach of contract actions enjoy a ten-year prescriptive period, and not to protect all attorneys from "all actions" or claims.
When a statute is clear, the court must give credence to the mandate expressed by the legislature and cannot resort to construing the statute based upon the spirit of the law as opposed to the plain wording of the law, Longman v. Allstate Insurance Company, 93-0352 (La. App. 4 Cir. 3/29/94), 635 So.2d 343, particularly when the literal construction of a statute would not produce absurd or unreasonable results. See State v. Bradford Paul Ste. Marie, 98-1167 (La.12/18/98), 723 So.2d 407; citing State v. Bennett, 610 So.2d 120 (La.1992). The statute shall be construed to give meaning to its plain language. State, Dept. of Trans. and Dev. v. Walker, 95-0185 (La.6/30/95), 658 So.2d 190. Courts should avoid a construction of the statute which would lead to absurd results; the statute must be interpreted in such a manner as to render its meaning rational, sensible, and logical. State, Through Department of Public Safety and Corrections, Office of State Police, Riverboat Gaming Division v. Louisiana Riverboat Gaming Commission and Horseshoe Entertainment, 94-1872 (La.5/22/95), 655 So.2d 292.
In Davis v. Parker, the court analogized a claim under La.R.S. 9:5605 to claims under the almost identical medical malpractice prescription statute, La.R.S. 9:5628, and cited the Louisiana Supreme Court's decision in Branch v. Willis-Knighton Medical Ctr., 92-3086, p. 7 (La.4/28/94), 636 So.2d 211, 214. Branch involved a strict product liability suit against a hospital for contaminated blood provided to the plaintiff during surgery. The Branch Court reasoned that the title of La.R.S. 9:5628, "Actions for medical malpractice," as well as "all of the other earmarks of the statute indicate the legislature intended to deal only with actions traditionally classified under the generally prevailing meaning of `medical malpractice.'" Davis, 58 F.3d at 187 citing Branch, 636 So.2d at 214. The Branch Court further explained that given the historical grounding of medical malpractice claims in both tort and contract, the statute's "application to actions `based upon tort, breach of contract, or otherwise' evinces a legislative intent to cover every kind of malpractice action but does not display an aim to affect suits outside this field." Id.
Legal malpractice actions, like medical malpractice actions, have traditionally addressed the quality of professional service provided to the person engaging *585 and paying the service provider, that is, the client or the patient. The conduct in this case did arise out of an engagement to provide legal services, but not to Mr. Broussard. Mrs. Broussard does not have a cause of action in legal malpractice against Mr. Coody and his law firm just as a non-patient has no cause of action against a physician in medical malpractice even though they may have suffered damages due to acts or omissions of the attorney or physician. In order for La.R.S. 9:5605 (Actions for legal malpractice) or La.R.S. 9:5628 (Actions for medical malpractice) to apply, there must be an attorney-client or physician-patient relationship. Since that relationship does not exist in the case before us, the prescriptive and peremptive periods do not apply. Accordingly, we find that La.R.S. 9:5605 sets forth limitations only on actions for legal malpractice, and its one-year and three-year peremptive periods do not apply to Mrs. Broussard's wrongful death tort claims against the defendants.
Further, the substance of Mrs. Broussard's assertions in her Second Amended Petition for Wrongful Death Damages, while not using specific terminology, allege a cause of action for fraud. Louisiana Revised Statutes 9:5605(E) provides that the peremptive periods in subsection A do not apply in cases of fraud as defined in La.Civ.Code art.1953. Code Article 1953 referenced in subsection E above provides:
Art.1953. Fraud may result from misrepresentation or from silence
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
Mrs. Broussard alleges that a favorable medical report was received by the defendants in January 1993, that it was requested by her numerous times, that its existence was repeatedly denied, and that the actual report surfaced in April of 1995. Hence, the substance of her petition alleges fraud pursuant to La.Civ.Code art.1953 and La.R.S. 23:1208 which provides that misrepresentations made in order to defeat a workers' compensation claim are unlawful. The conduct prohibited by La. R.S. 23:1208 presents a cause of action in tort for fraud or deceit. See Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir 5/14/97), 696 So.2d 73, writ denied, 97-1582 (La.10/17/97), 701 So.2d 1330.
Therefore, even if this court agreed with the defendants that La.R.S. 9:5605 and its three-year peremptive period applied to all actions by non-clients against attorneys engaged in providing legal services, which we do not, the statute itself at subsection E carves out an exception for the action brought by Mrs. Broussard in this case. Accordingly, since La.R.S. 9:5605 and its three-year peremptive period do not apply to actions for fraud, the defendant cannot invoke the legal malpractice limitation.
In her first assignment of error, Mrs. Broussard contends that "the trial court erred by placing in its formal Judgment language that it was dismissing the case based upon prescription when in fact its reasons for Judgment and the evidence in the record show that the Court only intended to base its Ruling upon pre-emption [sic]." We believe that she makes an unnecessary distinction between those terms in this case. Louisiana Revised Statutes 9:5605(C) refers to the "prescriptive and peremptive" periods of the section. Moreover, subsection B and its referenced Civil Code articles provide that both the one-year limitation and the three-year limitation on filing suit are not merely prescriptive periods, but are peremptive as well, meaning that they are absolute and cannot be interrupted, suspended or renounced.
Hence, suit must in all circumstances be brought within one year of the alleged act or one year from discovery of the alleged act as long as the act is discovered and *586 sued upon by the end of the third year. Because we reverse the trial court's ruling on prescription and peremption and find that La.R.S. 9:5605, which limits actions against attorneys for legal malpractice, does not apply in this case, we see no need for amending the judgment we are reversing. The applicable prescriptive period which applies in this case is the traditional tort prescription of one year from the date of discovery of the alleged act or omission.
Mrs. Broussard discovered the concealed report in April of 1995, filed suit against the employer in March 1996, and amended to add the defendants in November 1997. Louisiana Code of Civil Procedure Article 1153 provides that when an action asserted in an amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment "relates back" to the date of filing of the original pleading. Hence, based upon the dates provided, the claims of Mrs. Broussard, individually and on behalf of the estate, and on behalf of her daughter, were timely filed.

IV.

CONCLUSION
We find that the legal malpractice limitation of actions statute, La.R.S. 9:5605, and its three-year peremptive period apply only to claims of legal malpractice and do not apply to a tort cause of action brought by a non-client who has no relationship with the law firm. Accordingly, we reverse the judgment of the trial court and assess all costs of this appeal to the defendants. We remand for further proceedings.
REVERSED AND REMANDED.
COOKS, J., CONCURS AND ASSIGNS REASONS.
AMY, J., DISSENTS IN PART AND CONCURS IN PART AND ASSIGNS REASONS.
AMY, J., dissenting in part and concurring in part.
In the present matter, I believe the critical inquiry to be whether the conduct involved is conduct "arising out of an engagement to provide legal services ..." and, therefore, within the ambit of La.R.S. 9:5605. Under the facts presented here, it is my opinion that the conduct alleged does arise from such an engagement. Therefore, it follows that the statutory prescriptive and peremptive periods are applicable. However, Subsection (E) of La.R.S. 9:5605 renders inapplicable the peremptive periods for claims regarding fraud. Thus, any possible claim remaining, other than one asserting fraudulent conduct, that arises out of an engagement for legal services would be subject to both the peremptive and prescriptive periods. Such a claim, if not perempted or prescribed, would, of course, be subject to the standard tort analysis.
In Penalber v. Blount, 550 So.2d 577 (La.1989), the Louisiana Supreme Court indicated that an attorney may not owe any duty to a non-client in a negligence action. While this may be true, I do not find the existence of a duty, or lack thereof, to be the precise matter before us. Such a consideration would be relevant in deciding whether a cause of action exists. The lower court, however, did not make such a determination as the judge found any possible claim perempted and made no finding with regard to the exception of no cause of action. In any event, whether any duty is owed or not, an issue best decided through an exception of no cause of action, I believe that any negligent behavior alleged in the instant case fell outside of the three-year peremptive period.
As previously stated, the pertinent issue in the present case is whether the conduct complained of arises from an engagement to provide legal services. Since, in my opinion, it does, I believe the next issue is whether that claim has prescribed or perempted. Here, any negligent conduct, *587 whether a cause of action exists or not, has perempted. The remaining allegations, as they relate to fraud, fall under Subsection E which renders the peremptive period inapplicable. Therefore, the final consideration is whether any claim for fraudulent behavior has prescribed. This consideration would be the same whether the alleged fraudulent conduct arises from an engagement to provide legal services or whether the claim is pursued under general tort principles. As the lower court made no distinction between nonfraudulent and fraudulent acts, and found all matters perempted, this determination was clearly wrong with regard to fraudulent conduct. Because no determination was made with regard to when prescription began to run on any fraudulent conduct, i.e., when the plaintiffs discovered or should have discovered the conduct, I believe a remand is necessary for the lower court's consideration of that question.
COOKS, J. concurs.
I write separately to express that I concur in the majority opinion because I believe, in result, it is correct. Plaintiffs' petition sufficiently expresses a claim arising out of fraud, misrepresentation, concealment, silence, or inaction as provided by La.Civ.Code art.1953 and La. R.S. 23:1208. The peremptive period provided in La.R.S. 9:5605(A) does not apply "in cases of fraud, as defined in Civil Code Article 1953." Because I believe plaintiffs are not barred from instituting this suit by the attorney malpractice three year peremptive provision, I express no opinion regarding its ambit.
NOTES
[1] The docketed appeal caption indicates "Burnie Broussard," and the record reflects that his actual name is "Brunie Broussard."