hPER CURIAM. *
Granted. The ruling of the trial court is reversed and this case is remanded to the trial court for further proceedings. La.Code Crim. Proe. art. 703 E expressly authorizes use of the defendant’s testimony at the hearing on the motion to suppress his confession as impeachment material on cross-examination if the defendant takes the stand at trial. It appears from the in camera remarks of the defendant to the trial judge that while he disagreed with former counsel’s decision to call him as a witness at the suppression hearing, he acquiesced when it became clear that counsel could not find or summon other witnesses on the scene at the time of his arrest and that the defendant therefore remained the sole witness in a position to testify with regard to the force and threats he alleged the police used against him to obtain his statement. Under these circumstances, counsel’s tactical decision to call the defendant at the hearing did not constitute improper compulsion on the defendant to waive his Fifth Amendment privilege. Simmons v. United States, 390 U.S. 377, 393-94, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (“A defendant is ‘compelled’ to testify in support of a motion to suppress only in the sense that if he refrains from testifying he will have to forego a benefit, and testimony is not always involuntary as a matter of law simply because it was given to obtain a benefit.”)
CALOGERO, C.J., and JOHNSON, J., would grant and docket the case for argument.

 Kimball, J., not on panel. Rule IV, Part 2, § 3.