|, AMY, Judge.
In this criminal matter, the State appeals the trial court ruling granting the defendant’s motion to quash the criminal proceedings against him due to the State’s failure to comply with La.R.S. 15:171. For the following reasons, we reverse and remand this matter to the trial court for further proceedings.
Factual and Procedural Background
On December 17, 1996, the defendant, Horatio Adams, was charged by bill of information with committing the offense of attempted second degree murder of his mother, Mary Adams, in violation of La. R.S. 14:3o.![1] and La.R.S. 14:27.[2] The State | ^alleged that Defendant committed the offense on November 14, 1996, by breaking into his mother’s home, pushing her to the ground, and repeatedly hitting her head with a hammer. Defendant’s two younger brothers, ages ten and eleven at the time, witnessed the alleged attack. The following procedural dates are pertinent to this matter. Defendant waived formal arraignment on January 14, 1997, and entered a not guilty plea on that date. On February 20, 1997, the pre-trial hearing set for that date was referred to the trial docket. On April 7, 1997, pursuant to a State and defense motion, trial in this matter was continued. The matter was reset for pre-trial on April 17, 1997, and trial on May 27, 1997. On April 17, 1997, the date scheduled for the pre-trial hearing, the defense moved to have the hearing referred to the trial docket. The trial scheduled for May 27, 1997, was also continued, this time pursuant to the court’s motion, due to defense counsel’s hospitalization. On August 14, 1997, the pre-trial hearing was, once again, referred to the trial docket. On October 27, 1997, | ¡¡Defendant filed a motion to quash the proceedings due to the State’s “failure to commence Trial within the time limitations set forth in R.S. 15:171.” Arguments on *848 that motion to quash were presented on May 14, 1998, with the trial court granting the motion on June 25, 1998. That ruling is contained in a minute entry from that date, which entry states as follows:
The defendant’s motion to quash in the above entitled matter is hereby granted and his prosecution is thereby dismissed. See State v. Deville, 97-665 (La.App. 3 Cür. 10/15/97); 701 So.2d 254.
The State has appealed that ruling and presents the following assignment of error for our review:
The trial court erred when it granted defendant’s motion to quash and dismissed prosecution where the defendant was charged with an offense enumerated in LA R.S. 15:171, the victim was an adult over the age of 17, but the witnesses were under the age of 17, and where the State has failed to commence trial within six months of arraignment.
Discussion
In accordance with La.Code Crim.P. art. 920,[3] we have conducted an error patent review in this matter. That review has revealed no such errors.
The statute upon which Defendant based his motion to quash was repealed by our legislature in Acts 1997, No. 713, § 1, which became effective on July 8, 1997. Prior to its repeal, La.R.S. 15:171 provided the following:
|4A. Every criminal case prosecuted as provided for in Subsection B of this Section, which involves the abuse of a child, or unlawful sexual contact, or acts performed in the presence of, with, or upon a child under the age of seventeen shall be heard and disposed of as expeditiously as possible. The legislature hereby requests the supreme court to adopt emergency rules regarding the expeditious handling of matters enumerated in this Section.
B. The following crimes require expeditious disposition: homicide (R.S. 14:29), first degree murder (R.S. 14:30), second degree murder (R.S. 14:30.1), manslaughter (R.S. 14:31), negligent homicide (R.S. 14:32), vehicular homicide ,(R.S. 14:32.1), battery (R.S. 14:33), ag-" gravated battery (R.S. 14:34), second degree battery (R.S. 14:34.1), simple battery (R.S. 14:35), assault (R.S. 14:36), aggravated assault (R.S. 14:37), simple assault (R.S. 14:38), rape (R.S. 14:41), aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), simple rape (R.S. 14:43), sexual battery (R.S. 14:43.1), aggravated sexual battery (R.S. 14.43.2), oral sexual battery (R.S. 14:43.3), aggravated oral sexual battery (R.S. 14:43.4), aggravated kidnapping (R.S. 14:44), second degree kidnapping (R.S. 14.44.1), simple kidnapping (R.S. 14:45), interference with custody of a child (R.S. 14:45.1), false imprisonment (R.S. 14:46), false imprisonment while armed with a dangerous weapon (R.S. 14:46.1), criminal neglect of family (R.S. 14:74), carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. 14:81), pornography involving juveniles (R.S. 14:81.1), molestation of a juvenile (R.S. 14:81.2), unlawful sales to minors (R.S. 14:91), and sale, exhibition, or distribution of material harmful to minors (R.S. 14:91.11).
C. In those offenses listed in Subsection B of this Section, continuations shall be granted by the court only after a hearing and determination of the necessity thereof, and in any event, the trial shall be commenced within ninety days after arraignment, unless for good cause the court shall direct the action to be continued, after a hearing and determination of the necessity of the continu- *849 anee, and states the findings for a determination of good cause on the record. However, notwithstanding any provisions of this Subsection, the trial shall commence within six months after arraignment.
D. Notwithstanding any other provision of law to the contrary, nothing in this Section shall be deemed to provide a statutory right to trial within ninety days.
A panel of this court had occasion to interpret that statute in State v. Deville, 97-665 (La.App. 3 Cir. 10/15/97); 701 So.2d 254, writ denied, 97-2799 (La.2/20/98); 709 15 So.2d 773, the case upon which the trial court relied in granting Defendant’s motion to quash. In that case, just as in the instant one, the State urged that the purpose of the statute was to protect young victims by bringing the accused to trial expeditiously. Although this court in De-ville found the “[Sjtate’s position on the purpose of the statute ... attractive,” we, nevertheless, held that the statute mandated the commencement of trial within six months after arraignment. Id. at 5; 256. However, in a later en banc opinion, after discussing numerous unpublished third circuit writ rulings wherein trial court denials of motions to quash based upon La.R.S. 15:171 were affirmed, this court found La. R.S. 15:171 to be ambiguous because the statute contained no penalty provision. State v. Longnon, 98-551 (La.App. 3 Cir. 10/28/98); 720 So.2d 825 (en banc), writ denied 98-2969 (La.3/19/99), 739 So.2d 781. This court then examined the legislative intent in enacting the statute, and after reviewing the legislative history, found that the statute was enacted to protect abuse victims rather than to provide an accused the right to trial within six months of arraignment. Id.
In brief, Defendant notes that the matter before us has now been decided by our supreme court in State v. Ste. Marie, 98-1167 (La.12/18/98); 723 So.2d 407. We agree. Regarding La.R.S. 15:171’s “requirement” that trial commence within six months after arraignment, the supreme court stated as follows in that case:
We agree with Judge Peters, dissenting in this case, that turning R.S. 15:171 into a time limit enforceable by the defendant “would defeat [the legislature’s] goal by injuring the very class of individual the statute was designed to protect.” [State v.] Ste. Marie, 97-0168, [(La.App. 3 Cir.12/17/97)] at 2, 704 So.2d [430,] at 433 (Peters, J., dissenting). We therefore view the language in the statute as supplicatory only, a directive to the trial court to expedite cases involving the sexual abuse of children to ease the emotional burden on | ^immature victims, but not at the cost of freeing their accused assailants in only one quarter of the time allotted to the state to try an identical offense committed against an adult.
Id. at 4-5; 410 (citations omitted). In accordance with Longnon and Ste. Marie, we hereby reverse the trial court’s grant of Defendant’s motion to quash and remand the matter to the trial court for further proceedings consistent with this opinion.
DECREE
For the foregoing reasons, the trial court’s ruling granting Horatio Adams’ motion to quash is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Regarding the offense of second degree murder, La.R.S. 14:30.1 provides, in pertinent part, as follows:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, drive-by shooting, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.

. Regarding the definition of attempt, La.R.S. 14:27(A) provides as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

. La.Code Crim.P. art. 920 provides as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.