Dear Representative Doerge:
This office is in receipt of your request for an Attorney General's opinion regarding a four dollar fire service charge collected by Springhill Fire Protection District No. 11 in accordance with authority provided by LSA-R.S. 40:1502.11. Specifically, you have presented the following questions for our review:
 "Does 40:1502.11 require that Springhill Fire Protection District No. 11 assess the fire service charge for each residential or commercial unit within a structure and each housing unit within a multiple dwelling structure? If so, who is to be assessed such charge? The owner? The occupant? The person who has paid the deposit for water service regardless of whether it is the owner or occupant?"
We have examined LSA-R.S. 40:1502.11, and note that LSA-R.S.40:1502.11A pertinently provides:
 "Notwithstanding any provision of law to the contrary, the governing authority of Springhill Fire Protection District No 11 is hereby authorized to establish, by majority vote of the members of the authority, a fire service charge not to exceed four dollars. The person owning or occupying each residential or commercial structure located wholly or partly within the boundaries of the fire protection district who has made a deposit for the water service for the structure shall be assessed the service charge, subject to the provisions of Subsection B of this Section. Such service charge shall be used for the cost of fire protection services. For purposes of this Section, each residential or commercial unit within a structure shall be considered a separate structure, and a mobile home, as defined in R.S. 9:1149.2(3) shall be considered a separate structure." (Emphasis added).
It is our opinion that LSA-R.S. 40:1502.11A, which authorizes and provides for the collection of a four dollar fire service charge for " each residential or commercial unit within a structure", requires a service charge to be collected for each unit within a structure, i.e., each residential or housing unit located within a building or structure, as well as each commercial unit located within a building or structure.
Furthermore, in accordance with LSA-R.S. 40:1502.11A, it is our opinion that such service charge(s) should be assessed against and collected from "the person who has made a deposit for the water service for the structure". The statute's use of the words "owning or occupying" with respect to the persons who have made water deposits appears descriptive, as opposed to directive, and in our opinion merely reflects the fact that generally speaking, the person who puts down a water deposit in connection with a structure is the owner or occupant thereof.
In reaching this determination, we are cognizant that LSA-R.S.40:1502.11C refers to "the refusal of the owner" to pay service charges. We note however, that although LSA-R.S. 40:1502B
authorizes the District to use any legal, proper, necessary and expedient means to collect the charge, the District is given specific authority to contract with water companies for the collection of the charge. Indeed, the authorization for the assessment of the service charge as contained in LSA-R.S.40:1502.11A refers specifically to collection of the service charge by water companies, as it states that assessment of the service charge is "subject to the provisions of Subsection B of this Section". This reference to Subsection B, which provides for collection by water companies, provides further support for our determination herein.
In responding to the issues raised by your request, we have been guided by the following rules of statutory construction: The words of a law must be given their generally prevailing meaning. La.C.C. Art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. Art. 12. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. A statute should be given a construction according to fair import of its words taken in their usual sense, in connection with the context, and with reference to the purposes of the provisions. State v. Truby, 29 So.2d 758 (La. 1947). The law requires a fair and genuine construction of legislative acts, and a reasonable construction in light of the purpose of the act. Broussard v. F.A. Richard Associates, Inc.,732 So.2d 578 (La.App. 3 Cir. 1999); writ denied, 744 So.2d 625.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in the future.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam