McCLENDON, J.
lain this case, plaintiff filed suit seeking to recover damages for injuries she sustained in an automobile accident. The trial court granted summary judgment in favor of Allstate Insurance Company (Allstate), and plaintiff has appealed. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This matter involves a civil action filed by plaintiff, Fartima Hawkins, to recover damages resulting from a February 5, 2008 automobile accident in Baton Rouge, Louisiana. The accident occurred when Ms. Hawkins’s vehicle was struck broadside by a United States government vehicle (“GOV”) being driven by Sergeant Sean Fowler, a recruiter for the United States Army. Ms. Hawkins filed suit, naming, among others, Sergeant Fowler and his personal liability insurer, Allstate,[1] as defendants.
Thereafter, Allstate filed a motion for summary judgment alleging that the policy issued to Fowler excluded coverage for the accident because Fowler lacked permission to use the GOV for commuting purposes or, alternatively, because Fowler used the GOV for his regular use insofar as he drove it back and forth from his home in Baton Rouge to his office in Covington each day. Allstate asserted that its policy did not afford coverage under either alternative and summary judgment was, therefore, appropriate.
Following a hearing, the trial court granted Allstate’s motion for summary judgment. In so ruling, the court found coverage was excluded under the evidence. The court reasoned that if Fowler “had the implied permission, then it falls within the regular use exclusion” because “back and forth to work every day is regular use.” Alternatively, “[i]f he didn’t have permission, then it falls within the lack of permission exclusion.” Plaintiff subsequently filed a Motion for New Trial and/or Reconsideration, which was denied by the trial court.
Plaintiff has appealed, asserting that genuine issues of material fact remain that preclude summary judgment in this matter.
| «DISCUSSION
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth, 10-0343, p. 5 *546 (La.1/19/11), 57 So.3d 1002, 1005. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146, p. 8 (La.1/21/04), 864 So.2d 129,137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See LSA-C.C.P. art. 966(B). A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765-66 (per curiam).
The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Bd., 07-p.856,4 p. 2 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113; see also LSA-C.C.P. art. 967(B).
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. An insurer seeking to avoid coverage through summary judgment must prove some provision or exclusion applies to preclude coverage. Gaylord Chem. Corp. v. ProPump, Inc., 98-2367, p. 4 (La.App. 1 Cir. 2/18/00), 753 So.2d 349, 352.
In its motion for summary judgment, Allstate alleged that its policy did not provide coverage because either Fowler lacked permission to use the GOV for commuting purposes or, alternatively, the GOV was available for Fowler’s regular use. Specifically, the Allstate policy affords coverage to “[a] non-owned auto used by you [insured] or a resident relative with the owner’s permission. ■ This auto must not be available or furnished for the regular use of an insured person.” Allstate concludes that its policy excludes coverage under any view of the evidence.
It is uncontested that the vehicle was provided for Fowler’s regular use during *547 recruiting visits. However, the accident occurred when Fowler was driving from his work in Covington to his home in Baton Rouge. Army policy, as acknowledged by Fowler, does not allow a recruiter to drive the government vehicle to and from work and home (called “domicile to duty”) without written permission from the battalion commander. Nevertheless, Fowler testified that with express verbal permission from his supervisor, Sergeant Thomas Putnam, Rhe drove the vehicle back and forth from home to work “every day.” Fowler indicated that all of the recruiters take their government vehicles home. Sergeant Putnam testified that he was not aware that recruiters used their vehicles to go from work to home, but that it was possible that the recruiters, without his knowledge, took the government vehicles for this use. Sergeant Putnam also testified that Army protocol requires the keys from the government vehicles be kept in his desk in a lockbox, but that the lockbox and the lock to his office had not been in working order for some time.
We recognize, as did the trial court, that there are two permissible views of the evidence under the facts — 1) that Fowler did not have permission to use the GOV, or 2) that Fowler had permission to use the GOV and that it was provided for his regular use. First, if Fowler did not have authority to use the GOV, the lack of permission exclusion would apply. On the other hand, if Fowler had permission to use the GOV, his commuting from Baton Rouge to Covington on a daily basis made the GOV “available or furnished for [his] regular use,” such that the regular use exclusion would apply. See O’Neal v. Blackwell, 00-2014, p. 10 (La.App. 1 Cir. 11/14/01), 818 So.2d 118, 125 (although a son needed permission from his parents to drive the vehicle, it was furnished “for ... specific uses that occurred on a regular basis” such that regular use exclusion applied), and Blanchard v. Hanover Ins. Co., 250 So.2d 484, 487 (La.App. 1 Cir.1971) (regular use exclusion applied when “the employer continuously, at regular and predictably certain intervals, furnished vehicles for plaintiffs use”). Under either of the two scenarios, coverage would be excluded under Allstate’s policy.
Plaintiff maintains, however, that there is a feasible third position — that the vehicle was not provided for Fowler’s personal “regular use” but that, on at least the night of this accident, Fowler had the implied permission of the commanding officer to use the GOV. Plaintiff asserts that there is a direct conflict between the testimony of Fowler and Putnam with regard to the permissive use of the GOV. Plaintiff avers that Fowler, based on Putnam’s failure to follow regulations and protocol, may have believed he had implied permission [ (¿o use the GOV. Plaintiff concludes that the jury should be allowed to hear and see the witnesses and decide for themselves who they believe. However, implied permission inferred from Sergeant Putnam’s failure to follow protocol, would reflect implied permission for regular use, not limited use.
Further, there is no testimony or evidence to support plaintiffs third scenario that Fowler may have had implied permission to use the GOV for personal non-regular or limited use. Although plaintiff argues that there may be such a possibility, summary judgment cannot be defeated by mere argument. Argument of counsel and briefs, no matter how artful, are not sufficient to raise an issue of material fact. Wilson v. Davis, 07-1929, p. 15 (La.App. 1 Cir. 5/28/08), 991 So.2d 1052, 1063, writs denied, 08-2011, 08-2020 (La.11/10/08), 996 So.2d 1070, 1071. See also Kelly v. West Cash & Carry Bldg. Materials Store, 99-0102, p. 25 (La.App. 4 Cir. 10/20/99), 745 *548 So.2d 743, 759. (“It takes more than the existence of a mere possibility to prove a fact by the preponderance of the evidence, and plaintiff has offered no evidence that she will ever be able to prove anything more at a trial on the merits. In the absence of anything more than plaintiffs mere conjecture on this issue, we find no genuine issue of material fact....”) Here, none of the evidence presented, individually or collectively, creates a genuine issue of material fact precluding summary judgment. Accordingly, we conclude that there is no error in the trial court’s ruling granting summary judgment in favor of Allstate.
CONCLUSION
For the foregoing reasons, the trial court’s May 31, 2011, judgment granting Allstate’s motion for summary judgment is affirmed. Costs of this appeal are assessed to plaintiff, Fartima Hawkins.
AFFIRMED.
PETTIGREW, J., concurs and assigns for reasons.
WELCH, J., concurs for reasons assigned J. PETTIGREW.

. Allstate was first named a defendant in plaintiff’s “First Supplemental and Amending Petition.”