# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NO. 2019 CA 1485

## ROBIN MURPHY

### VERSUS

## MKS PLASTICS, L.L.C.

Judgment Rendered: **SEP 2 1 2020**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2016-0002533

Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

| | |
|---|---|
| Dale R. Baringer<br>Benjamin J. B. Klein<br>William H. Caldwell<br>Baton Rouge, LA | Attorneys for Plaintiff-Appellant,<br>Robin Murphy |
| Bradley A. Stevens<br>Amite, LA | Attorney for Defendants-Appellees,<br>MKS Plastics, David Smith, and<br>Robert Killebrew |
| Gus A. Fritchie, III<br>New Orleans, LA | Attorney for Defendant-Appellee,<br>Ron S. Macaluso |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Penzato, J., agrees in part, dissents in part and assigns reasons

**HIGGINBOTHAM, J.**

This appeal concerns a legal malpractice claim contained within a suit petitioning for a declaratory judgment seeking recognition of an ownership interest in a Louisiana limited liability company. The legal malpractice claim was dismissed on a partial summary judgment.

## BACKGROUND

After his expulsion from employment with MKS Plastics, L.L.C. (the L.L.C.) in February 2016, Robin Murphy filed a petition for declaratory judgment on September 21, 2016. In his petition, Mr. Murphy sought recognition of his one-third ownership interest in the L.L.C., and he sought to void the June 10, 2015 conversion of MKS Plastics, Inc. (the Corporation) to the L.L.C. The L.L.C. is in the business of manufacturing plastic buckets in Tangipahoa Parish. The L.L.C. was the only named defendant in Mr. Murphy's original petition. However, on February 1, 2017, Mr. Murphy amended his petition to add extra defendants: David Smith, Robert Killebrew, and Ron S. Macaluso. Allegedly, Mr. Smith and Mr. Killebrew were equal shareholders with Mr. Murphy in the Corporation and subsequently, Mr. Murphy alleged they all had equal membership interests in the L.L.C.

Mr. Macaluso is the attorney who was engaged by Mr. Smith to convert the Corporation to the L.L.C. and to prepare an operating agreement for the L.L.C. Although Mr. Murphy was under the impression that his L.L.C. membership interest was equal to Mr. Smith and Mr. Killebrew, he learned in July 2015 that Mr. Smith did not include him or Mr. Killebrew as members in the L.L.C.'s business. Instead, when the conversion took place a month earlier, the Secretary of State documents reflect that Mr. Smith was listed as the sole member of the L.L.C., leaving Mr. Murphy and Mr. Killebrew as employees. According to everyone involved *except* Mr. Murphy, only Mr. Smith had a controlling interest initially since he was the person who was financing the business. As a result, Mr. Murphy asserted legal

2

malpractice and damage claims against Mr. Macaluso and sought damages from the L.L.C., Mr. Smith, and Mr. Killebrew.

Mr. Macaluso filed a motion for summary judgment on February 6, 2019, arguing that he cannot be liable for legal malpractice, because he was never an attorney for Mr. Murphy. Mr. Macaluso maintained that he had previously represented Mr. Smith, who contacted him to request assistance in legally converting the Corporation to the L.L.C. for tax purposes. Mr. Smith advised Mr. Macaluso that he was the sole shareholder of the Corporation and would continue to be the sole owner and member of the L.L.C. Mr. Smith also requested that Mr. Macaluso become the "company attorney" for the L.L.C.

In support of his motion for summary judgment, Mr. Macaluso introduced affidavits of Mr. Smith, Mr. Killebrew, and himself attesting that Mr. Smith was the sole member and owner of the L.L.C. In all three affidavits, the affiants acknowledged that Mr. Macaluso was the attorney for the L.L.C. Mr. Smith stated that Mr. Murphy and Mr. Killebrew did not own proprietary interests in the L.L.C. Additionally, Mr. Macaluso introduced excerpts from the deposition testimony of Mr. Murphy, confirming that Mr. Murphy knew and understood that Mr. Macaluso was hired as the company lawyer, and that Mr. Macaluso was to prepare the operating agreement for the L.L.C. Mr. Murphy also testified that Mr. Macaluso never told him that he was representing their individual interests.

On April 10, 2019, Mr. Murphy filed a second amended and supplemental petition, claiming that Mr. Macaluso acted as counsel for the L.L.C., and that Mr. Smith, Mr. Murphy, and Mr. Killebrew were all third-party beneficiaries of the engagement agreement between the L.L.C. and Mr. Macaluso. Mr. Murphy alleged that Mr. Macaluso had a duty to the shareholders of the Corporation to ensure the shareholdings were properly converted to the L.L.C. membership interests.

Mr. Murphy filed an opposition to Mr. Macaluso's motion for summary judgment on April 22, 2019. He introduced excerpts of his deposition testimony and Mr. Macaluso's deposition testimony. Mr. Murphy explained that it was always understood that he, Mr. Smith, and Mr. Killebrew were to be equal partners in the L.L.C., with Mr. Smith financing the company. He testified that he drew a salary and Mr. Smith signed the checks most of the time. He also stated that Mr. Smith told him and Mr. Killebrew that Mr. Smith was hiring Mr. Macaluso to be the L.L.C.'s lawyer. He further testified that Mr. Macaluso never said that he was not their individual lawyer. Mr. Macaluso's deposition testimony revealed that Mr. Smith had asked Mr. Macaluso to conduct the conversion of the Corporation to the L.L.C. and to represent the L.L.C.

Before the hearing on the motion for summary judgment, Mr. Macaluso filed a motion to strike Mr. Murphy's second amended petition, which Mr. Murphy opposed. After the hearing on the motion for summary judgment and the motion to strike, the trial court ruled in favor of Mr. Macaluso finding that no attorney-client relationship existed between Mr. Macaluso and Mr. Murphy, and that it was unreasonable for Mr. Murphy to believe that Mr. Macaluso was his personal attorney in addition to representing the L.L.C. The trial court also found that the legal malpractice claim was actually peremptied, so there was no need to decide the merits of Mr. Murphy's third-party beneficiary claim. On July 26, 2019, the trial court signed a final judgment, dismissing Mr. Murphy's legal malpractice claims against Mr. Macaluso.

Mr. Murphy appeals, raising five assignments of error: (1) the trial court erred in granting summary judgment without reasonable discovery; (2) the trial court erred in granting Mr. Macaluso's motion to strike Mr. Murphy's second amended petition; (3) the trial court erred in granting summary judgment without considering Mr. Macaluso's violation of the Rules of Professional Conduct; (4) the trial court erred

4

in granting summary judgment when there are genuine issues of material fact as to Mr. Murphy's subjective belief that he had an attorney-client relationship with Mr. Macaluso; and (5) the trial court erred in granting summary judgment when there are genuine issues of material fact as to Mr. Murphy's status as a third-party beneficiary of the legal services provided by Mr. Macaluso to the L.L.C.

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact for all or part of the relief prayed for by a litigant. See La. Code Civ. P. art. 966(A)(3). A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate – whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Beer Industry League of Louisiana v. City of New Orleans**, 2018-0280 (La. 6/27/18), 251 So.3d 380, 386.

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). When the mover will bear the burden of proof at trial, the mover has the burden of making a *prima facie* showing that no genuine issue of material fact remains. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. See **Action Oilfield Services, Inc. v. Energy Management Co.**, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So.3d 538, 541-542. If, however, the mover does not resolve all material issues of fact, the burden never shifts to the opposing party. In that situation, the opposing party has nothing to prove in response to the motion for summary judgment, and summary judgment should be denied. **John River Cartage, Inc. v. Louisiana Generating, LLC**, 2020-0162 (La. App. 1st Cir. 3/4/20), ___ So.3d ___, ___, 2020 WL 1061354, *5. Summary judgment cannot be

5

defeated by mere argument of counsel, no matter how artful. See **Hawkins v. Fowler**, 2011-1495 (La. App. 1st Cir. 5/2/12), 92 So.3d 544, 547, writ denied, 2012-1449 (La. 10/8/12), 98 So.3d 860.

If the mover will not bear the burden of proof at trial on the issue raised in the motion, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. **Pumphrey v. Harris**, 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89.

## LAW AND ANALYSIS

To establish a claim for legal malpractice, a plaintiff must prove: (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence. **Costello v. Hardy**, 2003-1146 (La. 1/21/04), 864 So.2d 129, 138. The plaintiff bears the burden of proof of each of these elements. Failure to prove any one of these elements is fatal to the claim. See **Id.** at 138 n.7. In this appeal, the primary issue is whether there was an attorney-client relationship between Mr. Macaluso and Mr. Murphy.

Mr. Murphy initially argues that the trial court did not allow for adequate discovery before granting summary judgment in favor of Mr. Macaluso, because discovery was ongoing and not yet complete. This argument lacks merit. There is no absolute right to delay action on a motion for summary judgment until discovery is complete; rather, the requirement is only that the parties have a fair opportunity to

6

carry out discovery and to present their claim. Unless a party shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. **Primeaux v. Best Western Plus Houma Inn**, 2018-0841 (La. App. 1st Cir. 2/28/19), 274 So.3d 20, 32. The trial court has broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. It is not an abuse of the trial court's wide discretion in discovery matters to grant a motion for summary judgment before discovery has been completed. **Id.** The trial court considered Mr. Murphy's argument regarding inadequate discovery, but found that discovery was sufficient for this particular motion for summary judgment that involved only one issue – whether Mr. Macaluso was Mr. Murphy's personal attorney. Considering the facts and procedural posture of this case, we find that consideration of Mr. Macaluso's motion for summary judgment was not premature.

In his affidavit introduced in support of his motion for summary judgment, Mr. Macaluso stated that he was hired by Mr. Smith as the attorney for the L.L.C. in early June 2015. Mr. Smith requested that Mr. Macaluso prepare documents for the conversion of the Corporation to the L.L.C. Mr. Macaluso reviewed the Articles of Incorporation for the Corporation and confirmed that Mr. Smith was the incorporator, director, and sole shareholder. The conversion was certified by the Secretary of State on June 10, 2015. Mr. Macaluso met with Mr. Smith, Mr. Killebrew, and Mr. Murphy on July 8, 2015. Mr. Macaluso never represented that he was any individual's personal attorney. Following the meeting, Mr. Macaluso provided a retainer agreement regarding his services as attorney for the L.L.C. Mr. Macaluso drafted an operating agreement for the L.L.C. in August 2015, but he later learned from Mr. Smith that the operating agreement was never executed.

Mr. Macaluso also introduced excerpts of his deposition testimony, which mirrored the information attested to in his affidavit. Additionally in support of his

motion for summary judgment, Mr. Macaluso introduced the conversion documents signed solely by Mr. Smith, the affidavits of Mr. Killebrew and Mr. Smith indicating that Mr. Smith was to control the L.L.C. with Mr. Murphy and Mr. Killebrew serving as employees without proprietary interests. Mr. Murphy also submitted excerpts of Mr. Murphy's deposition testimony where Mr. Murphy confirmed that he understood Mr. Macaluso was hired as the "company lawyer."

In opposition to the motion for summary judgment, Mr. Murphy introduced excerpts of his deposition and that of Mr. Macaluso. Much of Mr. Murphy's deposition testimony centered on his understanding of his agreement with Mr. Smith and Mr. Killebrew that they were all equal partners in the L.L.C.'s business. Mr. Murphy stated that he did not know who was handling the conversion of the L.L.C., nor did he realize that he and Mr. Killebrew had been left off of the conversion papers until *after* the conversion took place. Mr. Murphy stated that he never discussed the conversion of the business to an L.L.C. with Mr. Macaluso. Mr. Smith told Mr. Murphy and Mr. Killebrew that the L.L.C. had hired Mr. Macaluso as the company's lawyer. Mr. Murphy testified that he thought Mr. Macaluso's retainer as the company lawyer meant that he was a client. The deposition testimony of Mr. Macaluso did not reveal any representation of Mr. Macaluso other than as the lawyer for the L.L.C.

The trial court found that the undisputed facts revealed that Mr. Macaluso was engaged to be legal counsel for the L.L.C., that Mr. Macaluso's obligation was to protect the interests of the L.L.C., and that obligation did not extend to Mr. Murphy. The trial court also found that it was unreasonable for Mr. Murphy to believe that he had a personal attorney-client relationship with Mr. Macaluso. Mr. Murphy presented no evidence other than his personal belief that Mr. Macaluso represented him.

8

Even though the question of whether an attorney-client relationship exists turns largely on one's subjective belief that it does, a person's subjective belief that an attorney represents him must be reasonable under the circumstances. **Williams v. Roberts**, 2006-169 (La. App. 3rd Cir. 5/31/06), 931 So.2d 1217, 1220-1221, writ denied, 2006-1780 (La. 11/9/06), 941 So.2d 41. The requirement that the belief be reasonable is an objective standard. A person's subjective belief cannot establish an attorney-client relationship unless the attorney reasonably induced that belief. For this reason, an attorney-client relationship cannot exist in the absence of some initial communication between the attorney and the client. **Feingerts v. D'Anna**, 2017-0321 (La. App. 4th Cir. 1/10/18), 237 So.3d 21, 28.

The evidence submitted in support of and in opposition to summary judgment reveals that no communication between Mr. Macaluso and Mr. Murphy ever occurred regarding the conversion of the Corporation to the L.L.C. Mr. Murphy always understood that Mr. Macaluso was the L.L.C.'s "company attorney." Thus, we agree with the trial court that there was no attorney-client relationship between Mr. Macaluso and Mr. Murphy. Because no such relationship existed, Mr. Murphy could not have asserted a legal malpractice claim against Mr. Macaluso. Therefore, summary judgment in favor of Mr. Macaluso on Mr. Murphy's malpractice claim was appropriate.

As for the third-party beneficiary claim, the trial court found that the claim was perempted under La. R.S. 9:5605,[1] because it was not brought within one year of the date that the alleged neglect by Mr. Macaluso was discovered (in July 2015)

---

[1] Louisiana Revised Statutes 9:5605(A) provides, in pertinent part:

No action for damages against any attorney ... arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged* act, omission, or *neglect, or within one year from the date that the alleged* act, omission, or *neglect is discovered* or should have been discovered; however, ... *in all events such actions shall be filed at the latest within three years from the date of the alleged* act, omission, or *neglect.* [Emphasis added.]

9

or within three years from the date that the alleged neglect occurred (in June 2015). Louisiana jurisprudence has long recognized that the one and three year periods in La. R.S. 9:5605 are expressly peremptive, rather than prescriptive. See **Naghi v. Brener**, 2008-2527 (La. 6/26/09), 17 So.3d 919, 922. Because Mr. Murphy did not assert his third-party beneficiary claim until almost four years after the date of the alleged negligent action of Mr. Macaluso in converting the Corporation to an L.L.C. without recognizing Mr. Murphy's alleged proprietary interest in the L.L.C., we find that the trial court correctly determined that Mr. Murphy's legal malpractice claims are time-barred. Peremption destroys the cause of action itself, and there is nothing to which Mr. Murphy's amended pleading asserting a third-party beneficiary legal malpractice claim can relate back. **Id.** at 925-926.

Given our outlined reasons for upholding the trial court's July 26, 2019 judgment, we pretermit a full discussion of Mr. Murphy's remaining assignments of error concerning his second amended petition and consideration of whether Mr. Macaluso may have violated a Rule of Professional Conduct by not clarifying any potential conflict arising out of his representation of the L.L.C., but not its members and/or employees.[2] We point out, however, that proof of the violation of an ethical rule by an attorney, standing alone, does not constitute actionable legal malpractice *per se* or proof of factual causation. **Leonard v. Reeves**, 2011-1009 (La. App. 1st Cir. 1/12/12), 82 So.3d 1250, 1257. Additionally, the existence of an attorney-client relationship is a prerequisite for proving a violation of professional conduct rules. See **In re Austin**, 2006-0630 (La. 11/29/06), 943 So.2d 341, 348. Mr. Murphy has failed to demonstrate that he can prove an attorney-client relationship existed. We further note that the claims asserted by Mr. Murphy against the L.L.C., Mr. Smith,

---

[2] The law considers an L.L.C. and its members as being wholly separate persons. See **Wilson v. Two SD, LLC**, 2015-0959 (La. App. 1st Cir. 12/23/15), 186 So.3d 103, 114.

10

and Mr. Killebrew are not before us in this appeal and thus, we express no opinion as to those claims.

## CONCLUSION

Based on our *de novo* review of the record, summary judgment in favor of Mr. Macaluso and against Mr. Murphy was appropriate in this case. The July 26, 2019 judgment dismissing Robin Murphy's claims against Ron S. Macaluso is affirmed. All costs of this appeal are assessed to Robin Murphy.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

NO. 2019 CA 1485

ROBIN MURPHY
VERSUS
MKS PLASTICS, L.L.C.

**PENZATO, J., affirming in part and dissenting in part.**

I agree in part and dissent in part. I agree with the majority that there was no attorney-client relationship between Mr. Macaluso and Mr. Murphy and that because no relationship existed, Mr. Murphy could not have asserted a legal malpractice claim against Mr. Macaluso. I also agree with the majority that summary judgment in favor of Mr. Macaluso in connection with Mr. Murphy's legal malpractice claim was appropriate.

However, I disagree with the majority in affirming the trial court's application of the peremptive period provided by La. R.S. 9:5605 to Mr. Murphy's alternative third-party beneficiary claim contained in the Second Amended, Supplemental and Restated Petition for Declaratory Relief and Damages and granting the Motion to Strike on that basis.

Limitation periods for legal malpractice actions do not apply to a non-client's action against an attorney, as the action does not arise out of "engagement to provide legal services" to a non-client. La. R.S. 9:5605; *See Broussard v. F.A. Richard & Assocs., Inc.*, 98-1167 (La. App. 3rd Cir. 3/17/99), 732 So. 2d 578, 582-85, *writ denied*, 99-1048 (La. 6/4/99), 744 So. 2d 625 (finding there must be an attorney-client relationship for La. R.S. 9:5605 to apply). In order for La. R.S. 9:5605 to apply, there must be an attorney-client relationship. *Smith v. Zibilich*, 2012-1123 (La. App. 1st Cir. 2/15/13), 2013 WL 595825, at *3 (unpublished) (*citing Broussard*, 732 So. 2d at 585).

Therefore, I would reverse that portion of the judgment granting the Motion to Strike. I would also reverse the portion of the judgment granting the motion for summary judgment in its entirety dismissing all claims asserted by Mr. Murphy with prejudice. I would grant the motion for summary judgment on a partial basis dismissing only Mr. Murphy's legal malpractice claim.